UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH VIVANCO, individually, and on behalf of others similarly situated,

    Plaintiff,

-against-

FIFTH AVENUE APPLIANCE SERVICE, INC. and CHRISTINA MUCCI,

    Defendants.

---

Case No.:

**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**

---

Plaintiff Joseph Vivanco ("Vivanco" or "Plaintiff"), individually, and on behalf of others similarly situated, by and through his attorneys Fisher Taubenfeld LLP, allege against Defendants FIFTH AVENUE APPLIANCE SERVICE, INC. (the "Corporate Defendant") and CHRISTINA MUCCI ("Defendants") as follows:

## NATURE OF THE ACTION

1. This is a putative collective action arising under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA") against Defendants for willfully failing to pay Plaintiff Vivanco and a collective of similarly situated persons' wages at the applicable overtime rates.

2. This is also a putative class action arising under Art. 6 of the New York Labor Law ("NYLL") against Defendants for willfully failing to pay Plaintiff Vivanco and a class of similarly situated persons' wages at the applicable overtime rates.

3. This is also a putative class action arising under Art. 6 of the New York Labor Law ("NYLL") against Defendants for willfully failing to proffer wage notice and wage statements to Plaintiff Vivanco and the class that complied with NYLL, Art. 6, § 195.

1

4. On these claims, Plaintiff, individually, and on behalf of the putative class and collective seeks actual and statutory damages, interest, costs, and reasonable attorneys' fees.

5. This is also an individual action arising under the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL") against Defendants for intentionally and unlawfully discriminating against Plaintiff Vivanco on the basis of sex/gender.

6. On this claim, Plaintiff seeks back pay, front pay, emotional distress damages, punitive damages, interest, costs, and reasonable attorneys' fees under the applicable civil rights laws.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action because it involves a question of federal law, 29 U.S.C. 201 *et seq*.

8. This Court has supplemental jurisdiction over the state law claims because they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9. The venue of this action is proper because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

10. Plaintiff Joseph Vivanco is a natural adult person.

11. The Corporate Defendant is an appliance repair business organized and existing under the laws of the State of New York

12. At all times relevant hereto, Defendants have been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

13. At all relevant times hereto, Defendants have been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

14. Plaintiff and Defendants' other employees regularly handled and used tools and equipment that were moved in or produced for interstate commerce.

15. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

16. Defendant constitutes an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

17. At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiff and the putative class and collective.

18. At all relevant times hereto, Defendants have been Plaintiff and the putative class and collective employer within the meaning of the NYLL §§ 2 and 651.

19. Defendant Mucci is a natural person engaged in business in the State of New York, who is sued individually in her capacity as an owner, manager, and/or agent of the Corporate Defendant.

20. Defendant Mucci exercises operational control over the Corporate Defendant's operations.

21. At all relevant times, all Defendants have been Plaintiffs' employer within the meaning of the FLSA and NYLL.  Defendant Mucci possessed and executed the power to hire and fire Plaintiff, controlled his terms and conditions of employment, determined the rate and method of any compensation in exchange for his services, and maintained records of his employment.

22. Defendant Mucci, among other actions, hired and fired Plaintiff, set his rates of pay, determined his schedule, and maintained employment records.

23. Defendant Mucci is Plaintiffs' employer under the FLSA and NYLL and is individually liable to Plaintiffs.

24. At all relevant times hereto, Defendants have employed at least four (4) individuals within the meaning of the NYSHRL.

## FACTUAL ALLEGATIONS

25. Between August 2020 and February 15, 2021, Plaintiff Joseph Vivanco worked as a repairman for Defendants in New York.

26. Typically, Plaintiff Vivanco would work six (6) days per week from 8:00 AM to 8:00 PM but was only paid a flat rate of $250 per day by Defendants.

27. Plaintiff Vivanco's primary job duties consisted of on-site appliance repair. In order to perform this job, Plaintiff was required to drive to the repair site--typically a residential customer's home--and also drive to Defendants' warehouse to pick up parts for the repair when the job required.

28. During his employment with Defendants, Plaintiff Vivanco was never provided with an NYLL-compliant wage notice or wage statements.

29. During his employment with Defendants, Defendants failed to keep accurate records of the hours Plaintiff Vivanco worked.

30. During his employment with Defendants, Defendant Mucci, formed an intimate relationship with Plaintiff Vivanco.

31. However, on or about February 15, 2021, Defendant Mucci abruptly ended the intimate relationship with Plaintiff and terminated him shortly thereafter.

32. As a result, Defendants failed to pay Plaintiff's final week of wages.

33. During his tenure, Plaintiff Vivanco performed his job duties satisfactorily and would have continued to do so had Defendants not terminated him because of his gender/sex.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff brings the First Cause of Action on behalf of himself and all other persons similarly situated who opt-in to this putative collective action.

35. Plaintiff seeks certification of this action pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself, individually, and all other similarly situated current and former building superintendents and individuals performing similar duties for Defendant during the period of time starting from three (3) years prior to the commencement of this action to present date who Defendant failed to pay applicable overtime rates for hours worked over forty (40) in any given workweek ("FLSA Collective").

36. The consent to sue form for the Plaintiff is attached hereto as **Exhibit 1.**

37. Upon information and belief, FLSA Collective consists of at least 40 current and former employees with similar duties as Plaintiff.

38. At all relevant times, Plaintiff and the FLSA Collective were paid by Defendant in similar ways, and have been subject to Defendant's common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek. The claims of Plaintiff stated herein are similar to those of the FLSA Collective.

## CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23 FOR VIOLATIONS OF THE NYLL

39. Plaintiff brings the Second, Third, and Fourth Causes of Action on behalf of himself and all other persons similarly situated as a class action pursuant to Fed. R. Civ. P. 23.

40. Plaintiff seeks certification of this action as a class action on behalf of himself, individually, and all other similarly situated current and former repairpersons and individuals performing similar duties for Defendant during the period of time starting from six (6) years prior to the commencement of this action to present date who Defendant willfully failed to pay applicable overtime rates for hours worked over forty (40) in any given workweek and willfully failed to proffer NYLL-compliant wage notice and wage statements.

41. Upon information and belief, the NYLL Class consists of not less than 40 employees, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23(a)(1).

42. There are questions of law and fact common to the NYLL Class, which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiff and the NYLL Class by the Defendant is subject to the jurisdiction and the wage and overtime requirements of the NYLL.

43. The claims of Plaintiff are typical of the claims of the NYLL Class in that all the members of the class have been similarly affected by the acts and practices of the Defendant.

44. Plaintiff will fairly and adequately protect the interests of the members of the NYLL Class, in that his interests are not adverse to the interests of the other members of the class.

45. Plaintiff has retained counsel competent in class action and wage and hour litigation.

46. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23(b)(3).

## FIRST CAUSE OF ACTION
**Overtime Wage Violations under the FLSA**

47. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

48. During the applicable statute of limitations period, Plaintiff and the FLSA Collective regularly worked more than 40 hours in a given work week for Defendant.

49. During the applicable statute of limitations period, Defendant failed to pay Plaintiff and the FLSA Collective's wages at the applicable overtime rate for all hours worked over 40 in a given work week and willfully failed to record and maintain Plaintiff and the FLSA Collective's accurate timekeeping records, in violation of the FLSA.

50. As a result, Plaintiff and the FLSA Collective seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by FLSA, as well as such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Overtime Wage Violations under Art. 19 of the New York Labor Law

51. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

52. During the applicable statute of limitations period, Plaintiff and the NYLL Class regularly worked more than 40 hours in a given work week for Defendant.

53. During the applicable statute of limitations period, Defendant willfully failed to pay Plaintiff and the NYLL Class wages at the applicable overtime rate for all hours worked over 40 in a given work week in violation of the NYLL.

54. As a result, Plaintiff and the NYLL Class seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
### Wage Notice Violations under Art. 6 of the New York Labor Law

55. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

56. At no time during Defendant's employment of Plaintiff and the NYLL Class did Defendant proffer NYLL-compliant wage notices to Plaintiff or the NYLL Class pursuant to § 195(1) of the NYLL.

57. As a result, Plaintiff and the NYLL Class seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
### Wage Statement Violations under Art. 6 of the New York Labor Law

58. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

59. At no time during Defendant's employment of Plaintiff and the NYLL Class did Defendant proffer NYLL-compliant wage statements to Plaintiff or the NYLL Class pursuant to § 195(3) of the NYLL.

60. As a result, Plaintiff and the NYLL Class seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### Untimely Payment Violations under Art. 6 of the New York Labor Law

61. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

62. NYLL § 191 requires that manual laborers be paid weekly.

63. In addition, Defendants failed to pay Plaintiff for her last week of pay.

64. As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek recovery of their tips in an amount to be determined at trial, attorneys' fees, costs, liquidated

damages and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION
### Discrimination on the Basis of Sex/Gender in Violation of the NYSHRL

65. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

66. Defendant, through its agent, terminated Plaintiff on the basis of his sex/gender, intentionally, willfully, and in violation of the NYSHRL.

67. As a result, Plaintiff seeks front pay, back pay, damages for emotional distress, punitive damages, interest, costs, and reasonable attorneys' fees, as well as such other legal and equitable relief as this Court deems just and proper.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, individually and behalf of the FLSA Class and NYLL Class respectfully seeks the following relief:

a. An order certifying this action as a collective action under 29 U.S.C. § 216;

b. An order certifying this action as a class action under Fed. R. Civ. P. 23;

c. An order certifying Plaintiff as representative of the FLSA Class and NYLL Class;

d. An order certifying Plaintiff's counsel as counsel for the FLSA Class and NYLL Class;

e. An order granting permission to Plaintiff to disseminate notice of the instant action to the FLSA Class and NYLL Class;

f. An order granting permission to Plaintiff to disseminate notice to the FLSA Class regarding the procedure to opt-in to this action under 29 U.S.C. § 216;

g. An order awarding actual damages under the FLSA and/or NYLL;

h. An order awarding statutory damages under the FLSA and/or NYLL;

i. An order awarding front pay, back pay, damages for emotional distress, and punitive damages under the NYSHRL;

j. An order awarding prejudgment interest;

k. An order awarding Plaintiffs' costs and reasonable attorneys fees';

l. All other relief the Court deems just and proper.

Dated: February 17, 2022
New York, New York

Respectfully submitted,

By: *Michael Taubenfeld*
Michael Taubenfeld, Esq.
FISHER TAUBENFELD LLP
233 Broadway, Suite 2340
New York, New York 10279
Phone: (212) 571-0700
Facsimile: (212) 233-3801
*ATTORNEYS FOR PLAINTIFF*

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was formerly employed by FIFTH AVENUE APPLIANCE SERVICE, and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

Joe Vivacano
NAME


SIGNATURE