# SAPIR|SCHRAGIN LLP

399 Knollwood Road, Suite 310
White Plains, New York 10603
TEL (914) 328-0366
FAX (914) 682-9128
Email: hschragin@sapirschragin.com
www.sapirschragin.com

September 23, 2022

**VIA ECF**

Honorable Philip M. Halpern
United States District Court
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

**Re:**   **Joseph Vivanco et al v. Fifth Avenue Appliance Service, Inc., et al**
           **Case No. 22-cv-01376-PMH**
           **Our File No. 9148-0001**

Dear Judge Halpern:

We are counsel for Defendants in this matter and submit this letter seeking approval of the parties' agreement to settle Plaintiff's claims for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law, Article 19, §§ 650, *et seq.*, and the applicable New York State Department of Labor Regulations, 12 NYCRR Part 142 ("NYSLL"). The parties write to respectfully request that the Court approve the settlement, a copy of which is attached as Exhibit A, and allow the parties to discontinue the matter with prejudice pursuant to Fed. R. Civ. P. 41.

**A.**   **Summary of Claims and Defenses[1]**

Plaintiff worked for Defendants Fifth Avenue Appliance Service, Inc. and Christina Mucci (collectively referred to as "Fifth Avenue") as a technician from on or around August

---

1 As the Court is aware, Plaintiff also alleged that Defendants discriminated against him by terminating his employment because of his sex and/or gender. Plaintiff alleged that he and Ms. Mucci were involved in a romantic relationship and that she broke it off and terminated his employment as a result. Defendants deny all of Plaintiff's discrimination claims and allegations. The parties have agreed to settle the discrimination claims as well and have entered into a separate confidential settlement agreement and general release. The amount of the total settlement allocated to the discrimination claims was less than 2% of the total settlement.

Honorable Philip M. Halpern
United States District Judge
September 23, 2022
Page 2

2020 through on or about February 15, 2021. Plaintiff was worked as a technician performing repair work on appliances located in the homes of Fifth Avenue's clients.

Plaintiff alleges that he was employed by Fifth Avenue Appliance Service, Inc. and Christina Mucci (collectively referred to as "Fifth Avenue") as a technician from in or around August 2020 through on or about February 15, 2021. Plaintiff alleges that he was a nonexempt employee who had little to no independence over his hours and methods of work and who is owed unpaid overtime wages. Plaintiff alleges that he worked 6 days a week from 8:00 a.m. through 8:00 p.m. He claims that he was paid $250 per day and that he is owed approximately $47,571.43 in unpaid overtime (not including liquidated damages).

Defendants, on the other hand, allege that Plaintiff was an independent contractor and as such is not entitled to any overtime pay under the FLSA or NYSLL. Defendants additionally maintain that even if Plaintiff was an employee, he was exempt from overtime under the FLSA and NYS Labor Law because he was a commissioned employee of a service or retail establishment. *See* 29 U.S.C. § 207(i). Defendants further challenge the length of his working relationship with Fifth Avenue (he started in October 2020 not August) and the number of hours that Plaintiff claims to have worked (he did not work 8:00 a.m. to 8:00 p.m. and worked significantly less than that) maintaining that even if he was eligible for overtime, he did not work any overtime during his brief engagement with the Company for which he is owed any wages

### B.    Procedural History

Plaintiff commenced this action on February 18, 2022. Defendants filed an Answer on April 27, 2022. On July 1, 2022, a mediation was held with Mediator Knar A. Nahikian, Esq. of Knar Law & ADR. Prior to the mediation, the parties exchanged initial disclosures, including payroll and scheduling records, along with text messages between the parties. This enabled the parties to enter mediation with an informed picture of the evidentiary burdens each would bear if the case went to trial. After the first mediation session, it was agreed that Defendants would provide additional information on Plaintiff's work schedule and hours worked and the parties would reconvene for a second mediation session. The second mediation session was conducted on August 5, 2022. The mediation session was productive, and the parties were able to come to an agreement to fully settle all the claims in the Complaint.

### B.    The FLSA Settlement Is Fair and Reasonable

Under *Cheeks v. Freeport Pancake House, Inc.*, "Rule 41 (a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." 796 F.3d 199, 206 (2d Cir. 2015). In analyzing a FLSA settlement, the parties must satisfy the Court that their agreement is "fair and reasonable." *Penafiel v. Rincon Ecuatoriano, Inc.*, 15 Civ. 112 (PAE), 2015 U.S. Dist. LEXIS 160352, at *2

Honorable Philip M. Halpern
United States District Judge
September 23, 2022
Page 3

(S.D.N.Y. Nov. 30, 2015). When assessing a proposed settlement for fairness, there is "a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks omitted); *see also Souza v. 65 St. Marks Bistro,* 15-CV-327 (JLC), 2015 U.S. Dist. LEXIS 151144, at *12 (S.D.N.Y. Nov. 6, 2015) (same). Whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.,* 07-CV-86 (JS)(MLO), 2008 U.S. Dist. LEXIS 20786, *2 (E.D.N.Y. Mar. 13, 2008) (alteration in original) (quoting *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1354 (11th Cir. 1982)).

In *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quotations omitted), the Court identified five factors that are relevant to an assessment of fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

The settlement here satisfies these criteria.

The parties have agreed to settle Plaintiff's FLSA and NYSLL claims for $25,625.00, of which $8,953.00 is attributed to attorney's fees and costs. The settlement will be paid as follows: (1) one check in the amount of $16,672.00 less applicable withholdings representing alleged unpaid wages, (2) one check in the amount of $8,953.00 representing attorney's fees and costs. The parties' proposed settlement agreement warrants approval because it is fair, reasonable, and equitable. Indeed, the agreement reflects a reasonable compromise of Plaintiff's FLSA claims rather than a mere waiver of statutory rights brought about by Defendants' alleged overreaching. As noted above, this settlement was achieved after careful consideration of documentary evidence, two mediation sessions with experienced counsel and an experienced mediator.

In this context, we note that the litigation risks faced by the parties are substantial and the settlement represents a reasonable compromise of Plaintiff's claims. If this settlement agreement is not approved, then the parties would go forward with litigation and potentially,

Honorable Philip M. Halpern
United States District Judge
September 23, 2022
Page 4

if the case is not disposed during summary judgment, go to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. Considering these factors, including the serious risks posed by further litigation, particularly the possibility of Plaintiff losing the claims if the Court determines that Plaintiff was an independent contractor or exempt from overtime as a commissioned employee of a service establishment, and the possibility that the Court will credit Defendants' arguments with respect to the amount of overtime hours allegedly worked, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate. The parties believe for all of the reasons stated in this letter, the *Cheeks* factors have been satisfied.

### C. The Settlement Agreement Was The Result Of Arm's Length Negotiations By The Parties

The proposed settlement is the product of negotiation between represented parties following extensive settlement discussions. Plaintiff and Defendants hold opposing views on the merit and value of Plaintiff's claims; however, the arm's length bargaining between the represented parties, along with the information shared during settlement negotiations, weighs in favor of finding the settlement reasonable. Moreover, nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct. During their negotiations, the parties have gathered and exchanged available information relevant to the claims and defenses in this matter and can therefore accurately assess the strengths and weaknesses of the asserted claims and their respective positions. *See, e.g.*, *Lliguichuzhca*, 948 F. Supp. 2d at 365 ("In considering whether a settlement is fair and reasonable, the principal question is whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching'") (citation and internal quotation marks omitted). Furthermore, since Plaintiff is no longer employed by Defendants, coercion is unlikely. *See, e.g.*, *Wolinsky*, 900 F. Supp. 2d at 335; *Cisneros v. Schnipper Rest. LLC,* 13 Civ. 6266 (JMF), 2014 U.S. Dist. LEXIS 2111, at *2-3 (S.D.N.Y. Jan. 8, 2014) ("Although the FLSA places strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver, these concerns are not as relevant when the plaintiffs no longer work for the defendant, as is the case here.") (citation and internal quotation marks omitted).

Additionally, no factors weigh against allowing the settlement to proceed as requested: (i) Plaintiff's alleged injuries will not recur as Plaintiff is no longer working with Defendants; (ii) Defendants explicitly deny any wrongdoing; and (iii) continuing to develop the record will only serve to enlarge costs on both sides and will not serve any useful purpose under the circumstances. *Wolinsky*, 900 F. Supp. 2d at 335-36.

Honorable Philip M. Halpern
United States District Judge
September 23, 2022
Page 5

### D.    Plaintiff's Counsel's Fees Are Reasonable

Under the proposed agreement, Plaintiff's counsel would recover $8,953.00, which is comprised of $8,336.00 in fees and $617 in filing and service costs, and represents approximately one-third of the total settlement amount of $25,625.00. Courts in the Second Circuit, including this Court, frequently award attorneys in FLSA settlements 33% of the total recovery in fees net of costs. *Sloben v. SDI Int'l Corp.*, No. 20-CV-04717 (PMH), 2021 WL 4124952, at *1 (S.D.N.Y. Sept. 9, 2021) (awarding 33.3% plus costs); *Aguirre v. Torino Pizza, Inc.*, No. 18-CV-2004 (KMK), 2019 U.S. Dist. LEXIS 3422, at *11 (S.D.N.Y. Jan. 8, 2019) ("Courts routinely award attorneys in FLSA settlements one-third of the total recovery in fees."); *Rojas v. Bronx Moon LLC*, No. 17-CV-5825 (KMK), 2018 U.S. Dist. LEXIS 175446, at *11-12 (S.D.N.Y. Oct. 10, 2018) (same); *Garcia v. Atlantico Bakery Corp.,* No. 13-CV-1904, 2016 U.S. Dist. LEXIS 84631, * 3 (S.D.N.Y. June 29, 2016) ("[O]ne-third of the total award is the customary contingency percentage in FLSA cases."). Counsel's fee is fair and reasonable and consistent with fee awards in similar cases.

Further, the proposed amount of attorneys' fees is also fair and reasonable as Plaintiff's counsel's own compensation does not adversely affect the extent of the relief obtained by Plaintiff. *See Wolinsky,* 900 F. Supp. 2d at 336-37; *Cisek v Natl. Surface Cleaning, Inc.*, 954 F. Supp. 110, 111 (S.D.N.Y. 1997) (finding that the sum sought by plaintiffs' counsel was reasonable, the settlement was untainted by conflict of interest and there was "no reason to conclude that plaintiffs' counsel benefited at the expense of their clients"). Thus, the settlement does not favor Plaintiff's counsel over Plaintiff.

Accordingly, the parties respectfully request judicial approval of the parties' proposed settlement agreement.

Respectfully submitted,

*Howard Schragin*
Howard Schragin

HS/aa

cc:    M. Taubenfeld, Esq. (*via ECF*)