## SETTLEMENT AGREEMENT AND RELEASE OF WAGE CLAIMS:
## JOSEPH VIVANCO

This SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made and entered into by and between Joseph Vivanco ("Plaintiff"), Defendant Christina Mucci ("Defendant Mucci" or "Mucci"), and Defendant Fifth Avenue Appliance Service, Inc. ("Defendant Fifth Avenue", "Fifth Avenue", or "the Company") and all of its current or former parents, successors, predecessors, affiliates, subsidiaries, and related entities, (collectively the "Parties").

### RECITALS:

A. On February 18, 2022, Plaintiff filed a lawsuit against Defendants in the United States District Court, Southern District of New York (the "Court"), designated Case No. 7:22-cv-01376-PMH (the "Action").

B. In the Action, Plaintiff alleged that Defendant violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), by: (i) failing to pay Plaintiff overtime wages for all hours worked over 40 in a single workweek; (ii) failing to provide wage statements to Plaintiff as required by NYLL §195(3); (iii) failing to pay Plaintiff in a timely manner as required by NYLL §191; (iv) failing to pay Plaintiff for his last week of work.

C. Defendants have denied, and continue to deny, all of Plaintiff's allegations.

D. Plaintiff and Defendants have since engaged in mediation through the SDNY with Knar A. Nahikian, Esq. of Knar Law & ADR and as a result, have agreed to resolve the Action pursuant to this Agreement.

NOW, THEREFORE, in consideration of the facts set forth in the recitals listed above, and the covenants and promises in this Agreement, Plaintiff and Defendants understand and agree as follows:

1. <u>Non-Admission of Liability or Wrongdoing.</u>

This Agreement shall not in any way be construed as an admission by Defendants that they acted wrongfully with respect to Plaintiff or any other person. Fifth Avenue and Ms. Mucci have denied, and continue to deny, all of Plaintiff's allegations. Fifth Avenue and Ms. Mucci specifically disclaim any liability to or wrongful acts against Plaintiff. The Parties agree that this Agreement is not evidence and shall not raise an inference that Fifth Avenue or Ms. Mucci engaged in any unlawful or wrongful conduct.

2. <u>Resolution of Disputed Wages.</u>

Without admitting any liability whatsoever, the Parties agree that genuine and *bona fide* disputes exist as to whether, *inter alia*, Plaintiff is owed any overtime wages, statutory penalties, or unpaid wages. Fifth Avenue maintains that all wages and other compensation due to Plaintiff

1

have been properly and timely paid and thus denies that it has any liability at all with respect to Plaintiff or any other technician alleging they are owed compensation from the Company.

Plaintiff acknowledges and agrees that, with his receipt of the payment provided for in this Agreement, he has been paid any and all wages that the Company concedes are due to him. Plaintiff acknowledges that the payment he is receiving in this Agreement is to settle a *bona fide* dispute between the Parties as to whether any pay is due to him and the amount of any such pay.

3.   Dismissal of the Action and No Other Actions.

(a)   Plaintiff agrees and authorizes Plaintiff's Counsel to execute and return to counsel for Defendant a Stipulation of Dismissal (in the form attached as Exhibit A) of the Action as to all causes of action and as to all Parties on the same day Plaintiff's Counsel returns this signed Agreement to Defendant's attorneys. The Parties agree that counsel for Defendant will file the Stipulation of Dismissal, if necessary, within three (3) days of approval by the Court of this Settlement Agreement.

4.   Monetary Consideration.

(a)   In exchange for Plaintiff's execution of and adherence to the terms of this Agreement, including the promises, covenants, and waivers set forth herein, and upon receipt of a Form W-4 from Plaintiff and a Form W-9 Plaintiff's Counsel, the Company will pay Plaintiff a total settlement payment of a lump sum in the gross amount of Twenty-Five Thousand Six Hundred and Twenty-Five Dollars and Zero Cents ($25,625.00) (the "Settlement Payment"). The Settlement Payment shall constitute consideration for full, final, and complete settlement of Plaintiff's claims as outlined here, including any claims for overtime wages, untimely paid wages, other unpaid wages, or statutory penalties, and any other claims for damages, interest, attorney's fees, expenses, and costs which Plaintiff and/or his attorneys may have incurred resulting from those claims. The Settlement Payment will be paid as follows:

(1) one check payable to "Fisher Taubenfeld LLP" in the amount of Nine Thousand One Hundred Nineteen Dollars and Sixty Seven Cents ($9,119.67) representing payment of legal fees, costs, and expenses incurred by Fisher Taubenfeld LLP on behalf of Plaintiff ("Attorney's Fees/Costs Payment"). This Attorney's Fees/Costs Payment shall be reported on an I.R.S. Form 1099 issued to Fisher Taubenfeld LLP and to Plaintiff.

(2) one check payable to "Joseph Vivanco" in the gross amount of Sixteen Thousand Six Hundred and Seventy-Two Dollars and No Cents ($16,672.00) to be paid by check payable to Plaintiff in full satisfaction of any and all claims Plaintiff may have or claim to have under the FLSA and/or NYLL, including for unpaid wages, untimely wage payments, and associated statutory penalties. This payment shall be reported on an I.R.S. Form 1099 issued to Plaintiff.

(b)   The Settlement Payment shall be contingent on Court approval, (Cheeks letter attached as "Exhibit B"), and shall be mailed to Plaintiff's Counsel within 10 days of the Court dismissing the FLSA claims with prejudice.

(c)   Plaintiff is solely responsible for the payment of his respective, individual share of taxes which are due by him as a result of his receipt of the Settlement Payment pursuant to the

terms of this Agreement. Plaintiff agrees to indemnify and hold the Company harmless for any further obligation or liability that it may incur to any local, state or federal tax enforcement entity as a consequence of any failure by Plaintiff to pay the taxes which are due by Plaintiff as a result of his receipt of the Settlement Payment. Plaintiff understands and agrees that the Company is neither providing tax nor legal advice, nor making representations regarding tax obligations or tax consequences, if any, related to this payment and release.

(d) Plaintiff acknowledges and agrees that the payment of the Settlement Payment under this Agreement is not otherwise required under the Company's normal policies and procedures and is provided as separate and independent consideration for this Agreement. In other words, Plaintiff understands that, in order to receive the Settlement Payment, Plaintiff must sign this Agreement and not later revoke his signature hereto.

(e) Except as set forth above, each Party shall bear their own attorney's fees and costs.

(f) All Defendants are jointly and severally liable for the payments required by this Agreement.

5. Ownership of Claims.

Plaintiff represents and agrees that Plaintiff has not assigned or transferred, or attempted to assign or transfer, to any person or entity, any of the claims, or any portion thereof, that Plaintiff is releasing in this Agreement. Plaintiff agrees to indemnify, defend, and hold harmless the Company against any and all disputes based on, arising out of, or in connection with any such transfer or assignment, or purported transfer or assignment, of any claims or any portion thereof or interest thereon.

6. No Representations.

Plaintiff and the Company represent and agree that no promises, statements, or inducements have been made to Plaintiff or the Company that caused Plaintiff or the Company to sign this Agreement other than those expressly stated in this Agreement. Plaintiff and the Company represent and agree that this Agreement is a fully integrated contract and that there are no terms, conditions, or clauses that exist outside of what is written in this Agreement.

7. Successors.

This Agreement shall be binding upon the Parties and the Parties' heirs, administrators, representatives, executors, successors and assigns.

8. Jurisdiction of Court.

(a) Any dispute regarding any aspect of this Agreement or any act which would violate any provision in this Agreement (hereafter referred to as "Settlement Dispute") shall be resolved by the United States District Court for the Southern District of New York. The Parties agree that the United States District Court for the Southern District of New York has jurisdiction to hear any Settlement Disputes. If any party is found to have breached this Agreement, such party will pay the fees of the non-breaching party, including reasonable attorneys' fees and costs.

9.     <u>Severability and Governing Law.</u>

(a)     Should any of the provisions in this Agreement be declared or be determined to be illegal or invalid, all remaining parts, terms or provisions shall be valid, and the illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.  The invalidity or unenforceability of any provision of this Agreement (other than the provisions of Section 7) shall have no effect upon, and shall not impair the validity or enforceability of any other provision of this Agreement, or of this Agreement in its entirety in any other jurisdiction.  The Parties agree that if any provision herein is found to be invalid or unenforceable by a court of competent jurisdiction, the Parties will request that the court revise the provision to come closest to the meaning intended and the provision will be enforced as rewritten without affecting any other provision of this Agreement.  To the extent it may be necessary, Plaintiff agrees to cooperate with the Company and its attorneys in seeking court approval of the terms of this Agreement in order to ensure that it is fully enforceable as written.

(b)     This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of New York, and where applicable by federal law (regardless of conflict of laws principles).

10.    <u>Proper Construction.</u>

(a)     The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties.

(b)     The paragraph headings used in this Agreement are intended solely for convenience of reference and shall not in any manner amplify, limit, modify or otherwise be used in the interpretation of any of the provisions hereof.

11.    <u>Entire Agreement.</u>

This Agreement is the entire agreement between Plaintiff and the Company and fully supersedes any and all prior agreements or understandings between the Parties pertaining to its subject matter.  The Parties each acknowledge and represent that no promise or representation not contained in this Agreement has been made to them and acknowledge and represent that this Agreement contains the entire understanding between them and contains all terms and conditions pertaining to the compromise and settlement of the claims.  This Agreement may only be amended or modified by a writing signed by the Parties hereto.  Any waiver of any provision of this Agreement shall not constitute a waiver of any other provision of this Agreement unless expressly so indicated.

This Agreement and the provisions contained herein shall not be construed or interpreted for or against any Party hereto because that Party drafted or caused that Party's legal representative to draft any of its provisions.

12.    <u>Other Terms and Conditions</u>

(a)     This Agreement may be executed in counterparts, including by electronic signatures.  A copy of this Agreement, once fully executed, including one sent via facsimile, scan, or electronic mail, is enforceable as though it was the original.

13.     <u>Confirmation of Employee's Understanding of the Terms of This Agreement</u>.

Plaintiff represents that Plaintiff has read this Agreement, in full, and understands each of its terms.

Plaintiff acknowledges that he has relied solely upon his own legal and tax advisors and that the Company's lawyers, accountants and advisors have not given any legal or tax advice to Plaintiff in connection with this Agreement.

Each of the Parties acknowledges that they have read the foregoing Settlement Agreement, accept and agree to the provisions contained in this Agreement, and hereby executes it voluntarily, without any duress, and with full understanding of its consequences.

Dated: _____, 2022      _____
                                    Joseph Vivanco

Dated: __9-23_____, 2022      FIFTH AVENUE APPLIANCE CORP.

                                    ___*Christina Mucci*_____
                                    By:    Christina Mucci

Dated: __9-23_____, 2022      ___*Christina Mucci*_____
                                    Christina Mucci

5

     (a)    This Agreement may be executed in counterparts, including by electronic signatures. A copy of this Agreement, once fully executed, including one sent via facsimile, scan, or electronic mail, is enforceable as though it was the original.

13.    <u>Confirmation of Employee's Understanding of the Terms of This Agreement</u>.

    Plaintiff represents that Plaintiff has read this Agreement, in full, and understands each of its terms.

    Plaintiff acknowledges that he has relied solely upon his own legal and tax advisors and that the Company's lawyers, accountants and advisors have not given any legal or tax advice to Plaintiff in connection with this Agreement.

Each of the Parties acknowledges that they have read the foregoing Settlement Agreement, accept and agree to the provisions contained in this Agreement, and hereby executes it voluntarily, without any duress, and with full understanding of its consequences.

Dated: 9/22/2022, 2022

*Joe Vivacano*
360A9DE7A9EE406
Joseph Vivanco

Dated: _____, 2022    FIFTH AVENUE APPLIANCE CORP.

    By:    Christina Mucci

Dated: _____, 2022    _____
    Christina Mucci

5